STATE of Missouri, Assignee, and Marilyn Scott, as next Friend to Tori and Amy Scott, Minors, and Marilyn Scott, as an Individual, Respondents,

v.

John Robert SCOTT, Appellant.

No. 44686.

Missouri Court of Appeals,
Eastern District.

Sept. 6, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 26, 1983.

Application to Transfer Denied
Dec. 20, 1983.

Ruby Bonner, St. Louis, for respondents.

Kenneth R. Singer, St. Louis, for appellant.

SIMON, Presiding Judge.

The State of Missouri, through the Circuit Attorney of the City of St. Louis, pursuant to § 207.025(4) and (5), RSMo 1978, (repealed by L.1982 S.B. 468), filed suit on behalf of petitioners Marilyn Scott (mother) and Tori and Amy Scott against John R. Scott (father) seeking present and future child support from father for Tori and Amy Scott, their minor children. When the mother applied for the child support enforcement services, she filed an application and paid a fee of $25.00 in accordance with § 207.025(4) RSMo 1978.

Mother and father were married in Missouri in 1962 and their marriage was dissolved in California in 1969. Pursuant to the dissolution, the mother was granted custody of Tori and Amy and the father was ordered to pay child support in the amount of $120.00 per month. The father has not paid child support since 1969. Following a hearing, the father was ordered to pay $35.00 per week per child for the support of the children and $1200.00 for the children's dental expenses. We affirm.

On appeal, father contends that: (1) the furnishing of child support enforcement services by the state for mother and their two children, who are not recipients of any type of public assistance, pursuant to § 207.025(4) was a violation of due process and equal protection clauses of the United

States and Missouri Constitutions for the reason that the State of Missouri has no significant governmental interests to protect and that the father was placed in a disadvantageous position as a result of furnishing such state services; and (2) the award of $1200.00 dental expenses is not supported by competent and substantial evidence.

As to father's first point, our Supreme Court in *State ex rel. Leet v. Leet*, 624 S.W.2d 21, 23 (Mo.1981), found no constitutional impediment in the state using state funds to provide child support enforcement services to a mother and her child. Finding a significant governmental interest, the court stated:

> "... § 207.025 is an acknowledgement by the General Assembly, that in view of the increasing cost of welfare payments to families of abandoned children it is in the public interest not only to get and keep families off the welfare rolls, but also to assist families in not becoming members of those rolls." *Leet*, at 23.

*See also In Re Marriage of Lathem*, 642 S.W.2d 694, 698–700 (Mo.App.1982).

Further, the father has a legal obligation to support his children and he should not be heard to complain that a lawyer other than one paid by the mother caused him to fulfill this obligation.

Having found a significant governmental interest and no constitutional impediment, we conclude that the father's first point is without merit.

As his second point, father contends that the award of $1200.00 for the children's dental care does not have competent and substantial evidentiary support. The record is not in agreement; it contains competent and substantial evidence to support the award.

Finding no errors of law, an extended opinion would have no precedential value. Rule 84.16(b).

Judgment affirmed.

STEPHAN and SATZ, JJ., concur.